## Capers v. Westinghouse Electric Corporation

*Allen T. Newman,* for plaintiffs.

*Joseph R. Thompson* and *Joseph F. Keener, Jr.,* for defendants.

MARUTANI, *J.,* November 19, 1975—The matter presently before the court is plaintiffs' motion for sanction pursuant to Pa.R.C.P. 4019 for failure of defendant, Southeastern Pennsylvania Transportation Authority ("SEPTA") to file answers to portions of interrogatories 8(c) and (d) and interrogatory 9[1] propounded by plaintiffs, namely:

"8. State the names and address of all persons inspecting and/or repairing the escalator following the accident, and state:

" . . .

"(c) whether any written report or record was made;

"(d) names and addresses of all persons in possession of copies of such report or record."

---

1. While plaintiffs' motion refers to paragraphs 7 and 8 of their interrogatories as being the ones which SEPTA failed to answer, from an examination of the interrogatories and the objections thereto filed by SEPTA, it is apparent that the paragraphs in question are those referred to in the body of this memorandum opinion.

"9. State the name and address of any party in your employ or employed for this purpose, who prepared a written statement on the accident involving plaintiff on March 25, 1973 and state the name and address of the party in whose possession the state [sic] is."

To the portions of interrogatory 8 and to all of interrogatory 9, SEPTA, on April 28, 1975, filed amended objections pursuant to Pa.R.C.P. 4011(c) and (d) "on the grounds that they . . . relate to matter which is privileged and would require the defendant to disclose the existence or location of reports, memoranda, and statements and information made or secured by the defendant in anticipation of litigation or in preparation for trial."

Pa.R.C.P. 4011 provides, in pertinent part, that:

"No discovery or inspection shall be permitted which . . . (d) would disclose the *existence* or *location* of reports . . . made or secured . . . in anticipation of litigation. . ." (Emphasis supplied.)

The plain purport of this limitation would render plaintiff's interrogatory 9, as well as subsections (c) and (d) of interrogatory 8 as objectionable. However, such limitation does not prohibit discovery inquiring as to the *identity* of persons who *inspected or repaired* the equipment in question which allegedly caused the injuries and losses claimed by plaintiffs.

While defendant SEPTA's objections, as limited above, may well have been proper, it is noted, however, that SEPTA has not filed answers to the remaining interrogatories of plaintiffs. Pa.R.C.P. 4005(b) allows that: "Answers to interrogatories *to which objections are made* shall be deferred until the objections are decided." (Emphasis supplied.)

The compelling implication of this provision is

that *all other* interrogatories are to be answered. See Pa.R.C.P. 127 and 128; Goodrich-Amram §4005(b)-3. Also compare F.R.C.P. 33, notes of Advisory Committee.

Pa.R.C.P. 4006 directs that the responding party, in this instance SEPTA, "shall file and serve the answers . . . within twenty (20) days after service of the interrogatories." While there is no affidavit of service establishing the date on which SEPTA was served with plaintiffs' interrogatories, nevertheless inasmuch as SEPTA filed its initial objections on April 23, 1975, almost seven months ago, it is clear that more than the specified 20 days had expired without SEPTA having complied with the mandate of Pa.R.C.P. 4006. Pa.R.C.P. 126 expresses the purpose of the rules: ". . . to secure the just, *speedy* and inexpensive determination of every action or *proceeding. . .*" (Emphasis supplied.)

The court is not unaware of the all-too-prevailing situation that the explicit requirement of the 20-day rule set forth in Pa.R.C.P. 4006 is more often than not "honored in its breach" rather than by its observance, thereby defeating the principle enunciated by Pa.R.C.P. 126.[2] Such continued breaches should not, and cannot, be further tolerated. The practice of "honoring" the rules by breach undoubtedly contributes greatly to the case congestion and backlog and the resulting arteriosclerotic stagnation in the administration of justice. This admonition, of course, applies to any party, plaintiff or defendant, who is served with interrogatories.

For present purposes of this case, however, the

---

2. The noncompliance referred to herein relates to the situation wherein the answering party *unilaterally* elects to ignore the requirement to file answers within 20 days, without leave of court or so much as concurrence of the party propounding the interrogatories.

doubt, tenuous or otherwise, will be resolved in SEPTA's favor.

## ORDER

And now, November 19, 1975, upon consideration of plaintiffs' motion for sanctions, it is hereby ordered and decreed that:

(1) Plaintiffs' motion is *denied* and SEPTA's objections are *sustained* as to plaintiffs' interrogatories 8(c) and (d) and interrogatory 9; and

(2) As to all remaining interrogatories, SEPTA is directed to file answers within 20 days from November 21, 1975.